UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICARDO JESUS RODRIGUEZ SUBERO,

Petitioner,

v. Case No. 3:26-cv-2799-MMH-PDB

WARDEN, NORTH FLORIDA DETENTION CENTER, et al.,

Respondents.

---

**ORDER**

Petitioner Ricardo Jesus Rodriguez Subero, an immigration detainee, initiated this action by filing a pro se Reply to the Response by U.S. Attorney General (Doc. 1; Petition) on October 14, 2026.[1] See generally Petition. Rodriguez Subero, a citizen of Venezuela, was temporarily detained at the border and paroled into the United States on August 19, 2024. See Doc. 3-1 at 2, 9. On September 12, 2026, United States Immigration and Customs Enforcement (ICE) re-detained him. Id. at 9. As relief, Rodriguez Subero seeks, inter alia, a bond hearing or, alternatively, immediate release. Petition at 11.

[1] Although Rodriguez Subero labels this document as a reply, in substance, it is a petition for a writ of habeas corpus. See generally Petition.

Rodriguez Subero argues that he is not subject to mandatory detention under 8 U.S.C. § 1225(b). Id. at 9. The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Rodriguez Subero, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Rodriguez Subero was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Rodriguez Subero's Reply to the Response by U.S. Attorney General (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[2]

[2] Because the Court finds that Rodriguez Subero is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

Within **seven days** of this Order, Respondents shall either afford Rodriguez Subero an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him.[3] If Respondents release Rodriguez Subero, they shall provide him with access to a telephone to arrange transportation from the detention facility.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of October, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Counsel of Record
Ricardo Jesus Rodriguez Subero

[3] Rodriguez Subero is not entitled to immediate release. See Portillo v. Gualtieri, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting Molina v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).